JAMES B. MARTIN, Respondent.

*against*

BARUCH S. WEIL, impleaded with ELIZA ADELAIDE, his wife, HENRY BERLINER, and ANN, his wife, JULIUS BRUNO, and EMILY, his wife, WILLIAM H. JACOBS, EDWARD WARNER, GEORGE B. HAMBLIN, HUGH WEBSTER, LORIN SEXTON, JOHN WING, Jr., LESTER SEXTON, THOMAS TURTON, JOHN SERCOMB, GEORGE S. GOODALL, ALEXANDER MITCHELL, CARL BUSJAEGER, AUGUSTUS C. WILLMANS, WILLIAM H. JACOBS, JOHN BERTSCHEY, JAMES H. ROGERS, JASON DOWNER, and MAXER BERNARD, Appellant.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

An answer to a complaint of foreclosure, which sets up that installments are not due by the conditions of the bond, though they may be by the mortgage, is not frivolous.

A frivolous answer is one so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings that the court or judge is able to determine its character without argument or research.

The cases of *Van Slyke vs. Carpenter*, 7 Wis., 173, and *Farm. & Mil. Bank vs. Sawyer*, id., 379, affirmed.

This was an action to foreclose a mortgage made by Henry Berliner and Julius Bruno to the plaintiff to secure the payment of $16,000 payable in installments of $1,000 in four, and six months, and $4,000 in each of one, two, three and four years; and the remainder in installments of $2,500 in each of five, six and eight years, with interest semi-annually on all sums due at seven per cent. The mortgage after referring to the bond recited as follows: "And in case of the non-payment of any sum of money (either principal, interest

or taxes) at the time or times when the same should become due, agreeably to the conditions of said bond or mortgage, or any part thereof, then, in such cases, the whole amount of said principle sum should, at the option of the said James B. Martin, his representatives, or assigns, be deemed to have become due, and the same with interest thereon, at the rate aforesaid, should thereupon be collectable in a suit at law, or by foreclosure of said mortgage, in the same manner as if the whole of said principal sum should have been made payable at the time when any such failure should occur." The complaint, besides referring to this condition of the mortgage, is otherwise in the usual form.

The defendant Baruch S. Weil answered that he was the owner of the premises, that the bond and its condition were correctly set forth in the complaint; that the clause of the mortgage above recited was not contained in the bond, and was no part of the condition thereof, and then proceeded as follows:

And defendant further says that he is advised and he insists, that the said mortgage does not contain any covenant on the part of the defendants who executed the said mortgage for the payment of the debt secured by the said mortgage; that the said mortgage is collateral only to the said bond; that the said bond is the only personal obligation given by the said defendants; that the said mortgage can only be enforced for the non-performance of the condition of the said bond, and that the said clause above recited is no part of the condition of the said bond, but is contained in the said mortgage only, and is in the nature of a penalty merely, and ought not to be enforced in this action.

Wherefore defendant denies that the plaintiff is entitled to claim that the whole of the debt secured by said bond and mortgage has become due and payable, and defendant asks to be let in to pay the amount now due upon said bond

according to the condition of the said bond with the cost of this action.

Afterwards the plaintiff's attorney served notice that he should apply to the circuit judge for judgment in the action on account of the frivolousness of the answer interposed by Weil. This motion was allowed and judgment awarded accordingly. From that order and judgment the defendant appealed to this court.

*Coon, Jenkins & Cotton*, for the appellant.

An answer will not be adjudged frivolous, unless its insufficiency as a defence is so glaring that the court can determine it upon a bare inspection without argument. *Nichols vs. Jones*, 6 How. Pr. R., 358; *Lefferts vs. Snediker*, 1st Abbott, 41; *Caswell vs. Bushnell*, 14 Barb. S. C. R., 393; *Leach vs. Boynton*, 3 Abbott, 3; *Hull vs. Smith* 8 How. Pr. R., 150.

A motion for judgment under the Code, on the ground that an answer is frivolous, will not be granted, unless the issue taken by the answer is plainly immaterial, or the defence set up manifestly groundless. *Hull vs. Smith, supra Brown vs. Jenkins*, 3 Sandf., 732.

It is submitted that this defence is not frivolous nor immaterial, nor groundless; but on the contrary, is tenable, especially in equity. It is admitted that such stipulations have been held valid, but in all such cases, the suit was either upon the *bond* alone, or the *bond* as well as the *mortgage* contained the clause in question. In some of the cases, the question arose in an action at law, but it is confidently affirm-that no adjudged case in equity can be found, where the question has been so decided on a stipulation contained in the *mortgage* alone. The bond is the principal security; the mortgage is collateral merely, and is to be enforced only on a failure to perform the condition of the bond. Had this

action been upon the bond alone, there is no pretence that a recovery could have been had for any more than the installment due at the time the action was brought.

But it has been expressly held, in *Tiernan vs. Hindman*, 16, Ill. R., 400, that a proviso in a mortgage that the whole sum shall become due upon the failure to pay any one of the installments, is in the nature of a penalty, against which equity will relieve upon adequate compensation, viz: Payment of the installment due, interest thereon, and the costs in proceeding to sell under the power.

This case is directly in point, and granting for the purposes of this argument, that our courts shall ultimately hold differently, yet the question is now an open one, and of sufficient importance to require argument and consideration. It is plainly not frivolous. The fact that a demurrer is manifestly not well taken upon authority, does not of itself, of course, render the demurrer frivolous. *Bank of Wilmington vs. Barnes*, 4. Abb., Pr. R., 226.

The defendant was entitled to be heard in argument upon the points raised by the answer, and was entitled to a trial, especially as the complaint does not even allege, that the plaintiff, prior to suit brought, notified defendants, or either of them, of his election to consider the whole sum secured by the mortgage as forthwith due and payable. The mere urgency of parties for judgment should not deprive the defendant of the right to be heard in support of a defence interposed in good faith, supported by an affidavit of merits, and believed to be tenable.

*J. Downer*, for the respondent.

This is clearly a *sham* and *trifling* answer. It sets up nothing but what is admitted by and on the face of the complaint. 1 Monell's Practice, 587. The courts have frequently adjudicated on the point attempted to be raised, and always against

Martin vs. Weil et al.

the validity of such attempted defence. The authority cited by the appellant, 16, Ill. Rep., 400, is not an authority against, but in favor of the principle contended for by the respondent. The installments in that case *did not draw interest* from the date of the mortgage; and if they became due before the time specified, the mortgagor would, as a *penalty* forfeit the interest, which would amount to a large sum of money. But that case, as well as *Ottoway Plank Road Co. vs. Murrey*, 15 Ill. 339, distinctly decides as to the correctness of the principle contended for by the respondent, where the installments draw interest from the date of the bond and mortgage.

The bond and mortgage are one contract, and to be taken and construed together. The appeal and answer are evidently put in and taken for delay, and delay only. It is hoped, as the appeal delays all proceedings below, all the original papers being sent to this court on an undertaking to pay costs only, that a speedy decision will be given.


*By the Court*, Smith, J. We have been so often called upon to review decisions upon the motions to strike off answers and demurrers as frivolous, and upon such reviews, have been presented with labored arguments on both sides, and having so frequently asserted the rule in such cases, that it seems entirely unnecessary to enter upon the discussion of this matter again. The answer in this case is not frivolous, as the *arguments* of counsel most clearly show. If the answer is *insufficient*, the remedy under the code is ample. (See *Van Slyke vs. Carpenter, Farmers' & Millers' Bank vs. Sawyer*, and cases cited.)

Order reversed with costs, and cause remanded.